UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Joseph Stocker,                    :
        Petitioner,                :
                                   :
        v.                         :      File No. 2:07-CV-139
                                   :
Robert Hofmann,                    :
        Respondent.                :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 1)

Joseph Stocker, a Vermont inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Stocker's primary claim is that he asked his attorney to file a motion for reconsideration of his sentence, but his attorney failed to do so.  Stocker has tried to present his arguments in state court post-conviction relief motions, but has twice been barred on procedural grounds.  He now seeks relief in this Court.  For the reasons set forth below, I recommend that his petition be DENIED.

Factual and Procedural Background

On May 18, 2001, a jury convicted Stocker of sexual assault on a minor under 16.  He was subsequently sentenced to 6 to 18 years in prison.  Stocker appealed his conviction, arguing (1) insufficient evidence and (2) that the State introduced evidence of other crimes without notice

to the defense.  In an Entry Order dated May 3, 2002, the
Vermont Supreme Court affirmed the conviction.

On October 31, 2003, Stocker filed a petition in state
court for post-conviction relief ("PCR").  The petition
argued that counsel's failure to file a motion for
reconsideration of Stocker's sentence should not waive his
right to file such a motion out of time.  Stocker also
argued that he should be allowed to file such a motion
because counsel's failure constituted ineffective
assistance.

Initially, Stocker was represented in the PCR
proceeding by attorneys from Vermont's Prisoners' Rights
Office ("Prisoners' Rights").  Prisoners' Rights later moved
to withdraw, claiming that further representation of Stocker
would constitute an "ethical violation."  (Paper 3-4 at 3).
In an Entry Order issued by the Rutland Superior Court, the
court found that Prisoners' Rights had "investigated
Petitioner's claim and concluded that Petitioner did not
communicate his desire for a sentence review to his trial
counsel, and thus it could not ethically argue that
counsel's assistance was ineffective."  Id. at 6.  Having
granted the motion to withdraw, the court ordered Stocker to

notify it by August 1, 2005 "whether he has retained counsel
or will proceed *pro se*, and to file such written notice of
intent together with a statement of issues presented."  <u>Id.</u>
at 7.  When Stocker failed to submit the required
documentation, the case was dismissed.  <u>Id.</u> at 5.  Stocker
did not appeal the dismissal.

On September 9, 2005, Stocker filed a second PCR
petition, raising the same issues as those submitted in his
first petition.  The State moved to dismiss, arguing that
the petition was barred under Vermont law as second or
successive.  Stocker requested counsel, and the state court
required the Office of the Defender General to submit an
<u>Anders</u> brief[1] "setting forth the basis of petitioner's
claim, any law or argument that might support, and whether
the office believed the claim to be warranted."  (Paper 3-7
at 2).  In response to the <u>Anders</u> brief, Stocker conceded
that his petition was successive, but claimed that his
failure to appeal the first PCR petition was due to his
ignorance of the law.  <u>Id.</u>  The lower court ultimately
granted the State's motion to dismiss the petition as
successive.

---

[1]  <u>See Anders v. California</u>, 386 U.S. 738, 744 (1967).

3

Stocker appealed the dismissal to the Vermont Supreme Court.  Although his appellate brief argued the question of whether he should be able to file a motion for reconsideration of this sentence, the appellate court did not reach that issue.  Instead, the court focused on the dismissal of the petition as successive.  Finding that the petition was barred as successive under 13 V.S.A. § 7134, the Vermont Supreme Court affirmed the lower court's decision.  Stocker now brings a § 2254 petition in this Court, raising the same substantive issues that were presented in his PCR petitions.

<u>Discussion</u>

I.  <u>Exhaustion</u>

A fundamental question in this case is whether the Court may review Stocker's substantive claims.  This question arises because the Vermont Supreme Court never addressed the substance of his petition.  Because his claims were never reviewed, they may be unexhausted.  However, because they are procedurally barred in state court, they may be deemed exhausted and barred from review in this Court.

Before a federal court may grant habeas relief, a

petitioner must exhaust his remedies in state court.
O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  "The
exhaustion requirement imposed by 28 U.S.C. § 2254(b)(1)
means generally that before seeking a writ of habeas corpus
in federal court, a state prisoner must first have presented
his claim to the highest court of the state."  Morgan v.
Bennett, 204 F.3d 360, 369 (2d Cir. 2000).  This requirement
ensures that "state prisoners give state courts a fair
opportunity to act on their claims."  O'Sullivan, 526 U.S.
at 844.

Here, Stocker raised his substantive claims before the
Vermont Supreme Court, but the court declined to reach his
arguments.  Instead, the court affirmed the lower court's
dismissal of his PCR petition as successive.  When a claim
is presented "for the first and only time in a procedural
context in which its merits will not be considered unless
'there are special and important reasons therefore,'" there
has been no "fair presentation" to the state courts and the
claim will not be considered exhausted.  Castille v.
Peoples, 489 U.S. 346, 351 (1989).  However, if a federal
claim is not reviewed by the highest state court, "it will
be deemed exhausted if it is, as a result, then procedurally

barred under state law." Ramirez v. Attorney General, 280
F.3d 87, 94 (2d Cir. 2001) (citations omitted).

Stocker's claims are clearly barred under state law.
The Vermont courts dismissed Stocker's second PCR petition
as successive pursuant to 13 V.S.A. § 7134.  Any future
petition raising the same issues would, therefore, also be
rejected as successive.  Accordingly, his claims are
procedurally barred.

Federal review of the merits of procedurally defaulted
claims is appropriate if the petitioner can establish cause
for the default and resulting prejudice, or that failure to
consider the defaulted claims will lead to a "fundamental
miscarriage of justice." Coleman v. Thompson, 501 U.S. 722,
750 (1991); Ramirez, 280 F.3d at 94.  Stocker has argued
that he failed to appeal the dismissal of his first PCR
petition due to his ignorance of the law.  As a result of
that failure, his claims are now defaulted.  Courts have
generally held that the failure of a petitioner to know the
law does not constitute "cause" under § 2254. See, e.g.,
Fink v. Bennett, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007);
Quintana v. McCoy, 2006 WL 300470, at *4 n.7 (S.D.N.Y. Feb.
6, 2006).  Consequently, Stocker cannot show "cause" for his

default in state court.

Furthermore, Stocker has made no effort to show prejudice resulting from his default.  Indeed, he has not offered any support for his claim that a state court should either reconsider or reduce his sentence.  Because Stocker has failed to show cause and prejudice for his state court default, the Court may only review his claims if he has established that the failure to do so will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 750.  In order to show such injustice, Stocker must establish that a constitutional violation "has probably resulted in the conviction of one who is actually innocent." Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002) (quotation omitted).  Again, Stocker has not offered any support for his claim that he was improperly sentenced.  The Court should therefore deem his substantive claims procedurally barred, and his petition should be DENIED.

II.  Review of the Vermont Supreme Court's Ruling

To the extent that this Court may review the issue that was actually addressed by the Vermont Supreme Court, to wit, dismissal of the PCR petition as successive, § 2254 limits the scope of that review.  See 28 U.S.C. § 2254(d).  Under

7

the § 2254 standard, the reviewing court may grant habeas relief only where the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Habeas relief is also warranted if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings," or where the petitioner presents clear and convincing evidence to rebut the presumption that state court findings of fact are correct.  See 28 U.S.C. § 2254(d)(2); § 2254(e)(1).

The state courts dismissed Stocker's petition based upon a state statute barring second or successive petitions. There was no "clearly established Federal law" being considered in those opinions, and § 2254 does not provide relief for errors of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); DiGuglielmo v. Smith, 366 F.3d 130, 136-37 (2d Cir. 2004).  Furthermore, given Stocker's concession that his petition was successive, and the undisputed fact that both his first and second PCR petitions contained identical claims, there is no basis for this Court

to find that the state courts unreasonably applied the facts.  I therefore recommend that Stocker's petition be DENIED.

## Conclusion

For the reasons set forth above, I recommend that Stocker's petition, brought pursuant to 28 U.S.C. § 2254, be DENIED.

Dated at Burlington, in the District of Vermont, this 26th day of March, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).